MICHAEL FAILLACE ESQ.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff Victoriano*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------X

JAVIER MARCELO VICTORIANO, *individually and on behalf of others similarly situated*,

*Plaintiff*,

-against-

JIN RAMEN CORPORATION(d/b/a JIN RAMEN), JIN RAMEN HAMILTON HEIGHTS CORPORATION. (d/b/a JIN RAMEN), CHOKOLAT PATISSERIE CORPORATION.(d/b/a CULTURE TEA BAR), IFAN CHANG, JENNY H. KO, and DEEPAK RAJWANI

*Defendants*.

----------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) AND RULE 23 CLASS ACTION**

**ECF Case**

Plaintiff Javier Marcelo Victoriano ("Plaintiff Victoriano" or "Mr. Victoriano"), individually and on behalf of others similarly situated by and through his attorney, Michael Faillace Esq., upon his knowledge and belief, and as against Jin Ramen Corporation(d/b/a Jin Ramen), Jin Ramen Hamilton Heights Corporation (d/b/a/ Jin Ramen), Chokolat Patisserie Corporation. (d/b/a Culture Tea Bar) ("Corporate Defendants"), Ifan Chang, Jenny H. Ko, and Deepak Rajwani ("Individual Defendants") (collectively "Defendants") allege as follows:

**NATURE OF THE ACTION**

1. Plaintiff Victoriano is a former employee of Defendants Jin Ramen Corporation(d/b/a Jin Ramen), Jin Ramen Hamilton Heights Corporation (d/b/a/ Jin Ramen),

Chokolat Patisserie Corporation. (d/b/a Culture tea bar), Ifan Chang, Jenny H. Ko, and Deepak Rajwani .

2. Defendants own, operate or control two Japanese restaurants located at 3183 Broadway, New York, NY 10027 and 3599 Broadway, New York, NY 10031 under the name Jin Ramen(hereinafter the Japanese restaurants"), and an Asian bakery located at 3111 Broadway, New York, NY 10027 under the name "Culture tea bar" (hereinafter "the bakery").

3. Upon information and belief, individual Defendants Ifan Chang, Jenny H. Ko, and Deepak Rajwani served as owners, managers, principals or agents of Defendant Corporations and, through these corporate entities operated the Japanese restaurants and the bakery as joint or unified enterprises.

4. Plaintiff Victoriano was employed as a delivery worker;

5. At all times relevant to this Complaint, Plaintiff Victoriano worked for Defendants without appropriate minimum wage for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, and failed to pay Plaintiff Victoriano appropriately for any hours worked, at the appropriate rate of pay.

7. Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Victoriano's and other tipped employees' tips and shared these tips with non-tipped workers ( cooks).

8. Defendants' conduct extended beyond Plaintiff Victoriano to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Victoriano to work without providing the minimum wage required by federal and state law and regulations.

10. Plaintiff Victoriano now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees, and costs.

11. Plaintiff Victoriano seeks certification of this action as a class action under Rule 23 and seeks certification of this action as a collective action on behalf of himself individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and supplemental jurisdiction over Plaintiff Victoriano's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district. Defendants maintain their corporate headquarters and offices within this district, and Defendants operate two Japanese restaurants and an Asian bakery both of which were located in this district. Further, Plaintiff Victoriano was employed by Defendants in this district.

## THE PARTIES

*Plaintiff*

14. Plaintiff Victoriano is an adult individual residing in New York County, New York. Plaintiff Victoriano was employed by Defendants from approximately June 2020 until on or about October 9, 2023 at the Culture tea bar and Jin Ramen locations.

15. Plaintiff Victoriano consents to being party Plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. At all relevant times, Defendants own, operate, and/or control two Japanese restaurants located at 3183 Broadway, New York, NY 10027 and 3599 Broadway, New York, NY 10031 under the name Jin Ramen, and an Asian bakery located at 3111 Broadway, New York, NY 10027under the name Culture tea bar, respectively.

17. Upon information and belief, Defendant Jin Ramen Corporation(d/b/a Jin Ramen) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 3183 Broadway, New York, NY 10027.

18. Upon information and belief, Defendant Jin Ramen Hamilton Heights Corporation (d/b/a/ Jin Ramen) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 3599 Broadway, New York, NY 10031.

19. Upon information and belief, Defendant Chokolat Patisserie Corporation. (d/b/a Culture Tea Bar) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its Principal place of business at 3111 Broadway, New York, NY 10027.

20. Defendant Ifan Chang is an individual engaging in business in this judicial district during the relevant time period. Defendant Chang is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Chang possessed operational control over Defendant Corporations, an ownership interest in Defendant

Corporations, or controlled significant functions of Defendant Corporations. Defendant Chang determined the wages and compensation of the employees of Defendants, including Plaintiff Victoriano , established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

21. Defendant Jenny H. Ko is an individual engaging in business in this judicial district during the relevant time period. Defendant Ko is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Ko possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Ko determined the wages and compensation of the employees of Defendants, including Plaintiff Victoriano , established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

22. Defendant Deepak Rajwani is an individual engaging in business in this judicial district during the relevant time period. Defendant Rajwani is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Rajwani possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Rajwani determined the wages and compensation of the employees of Defendants, including Plaintiff Victoriano , established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

**FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

23. Defendants own and operate two Japanese restaurants and an Asian bakery which are located in the West Harlem and Hamilton Heights sections of New York City.

24. Individual Defendants, Ifan Chang, Jenny H. Ko, and Deepak Rajwani possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

25. Defendants possessed substantial control over Plaintiff Victoriano's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Victoriano , and all similarly situated individuals, referred to herein.

26. Defendants employed Plaintiff Victoriano , and all similarly situated individuals, and were Plaintiff Victoriano's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27. Upon information and belief, Individual Defendants Ifan Chang, Jenny H. Ko, and Deepak Rajwani operate Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations as entities legally separated and apart from themselves, by among other things,

   a. failing to adhere to the corporate formalities necessary to operate Defendant Corporations as corporations,

   b. defectively forming or maintaining Defendant Corporations by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c. transferring assets and debts freely as between all Defendants,

   d. operating Defendant Corporations for their own benefit as the sole or majority shareholders,

   e. operating Defendant Corporations for their own benefit and maintaining control over these entities as closed corporations,

      f.    intermingling assets and debts of their own with Defendant Corporations,

      g.    diminishing and/or transferring assets to avoid full liability as necessary to protect their own interests, and

      h.    Other actions evincing a failure to adhere to the corporate form.

28.    At all relevant times, Defendants were Plaintiff Victoriano's employers within the meaning of the FLSA and New York Labor Law.  Defendants had the power to hire and fire Plaintiff Victoriano , controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Victoriano's services.

29.    In each year from 2020 to 2023, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that were separately stated).

30.    In addition, Upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. As an example, numerous items that were used in the Japanese restaurants and the bakery on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiff*

31.    Plaintiff Victoriano  is a former employee of defendants employed as a delivery worker.

He seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Javier Marcelo Victoriano*

32.    Plaintiff Victoriano was employed by defendants from approximately June 2020 until on or about October 2023. During the course of his employment, Plaintiff Victoriano worked at defendants' bakery Culture tea bar located at 3111 Broadway, New York, NY 10027, and at defendants' Japanese restaurants (Jin Ramen) located at 3183 Broadway, New

York, NY 10027 and 3599 Broadway, New York, NY 10031 from approximately June 2020 until on or about October 2023.

33. Defendants employed Plaintiff Victoriano as a delivery worker.

34. Plaintiff Victoriano regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

35. Plaintiff Victoriano's work duties required neither discretion nor independent judgment.

36. From approximately June 2020 until on or about October 2023, Plaintiff Victoriano worked from approximately 11:00 a.m. until on or about 3:30 p.m. Tuesdays through Thursdays and from approximately 11:00 a.m. until on or about 3:00 p.m. and from approximately 5:00 p.m. until on or about 10:00 p.m. on Mondays(typically 24 hours per week).

37. Throughout his employment with defendants, Plaintiff Victoriano was paid his wages by check.

38. From approximately June 2020 until on or about October 2023, defendants paid Plaintiff Victoriano $10.00 per hour.

39. Plaintiff Victoriano was never notified by Defendants that his tips were being included as an offset for wages.

40. Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Victoriano's wages.

41. In addition, Defendants withheld about fifteen % of all the daily tips clients paid Plaintiff Victoriano, and shared these tips with non-tipped workers including the cooks.

42. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Victoriano regarding the minimum wages under the FLSA and NYLL.

43. Defendants did not give any notice to Plaintiff Victoriano, in English and in Spanish (Plaintiff Victoriano's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

44. Defendants required Plaintiff Victoriano to purchase "tools of the trade" with his own funds—including one electric bicycle, a helmet, two raincoats, monthly bicycle repair and four pairs of boots.

*Defendants' General Employment Practices*

45. Defendants regularly required their employees, including Plaintiff Victoriano, to work without paying them the required minimum wage.

46. Defendants maintained a policy and practice of requiring Plaintiff Victoriano and all similarly situated employees to work without paying them appropriate minimum wage, as required by federal and state laws.

47. Defendants failed to inform Plaintiff Victoriano that his tips were being credited towards the payment of the minimum wage.

48. At no time did defendants informed Plaintiff Victoriano that they reduced his hourly wage by a tip allowance.

49. Defendants failed to maintain a record of tips earned by Plaintiff Victoriano for the deliveries he made to customers.

50. Furthermore, as part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Victoriano by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving tipped workers of a portion of the tips earned during the course of employment and sharing these tips with non-tipped workers such as cooks.

51. Defendants unlawfully misappropriated charges purported to be gratuities received by tipped workers, and other similarly situated employees, in violation of New York Labor Law § 196-d (2007).

52. Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employee must either allow employee to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

53. Plaintiff Victoriano and all other delivery workers were paid at the lower tip-credit rate by Defendants. However, under state law, Defendants were not entitled to a tip credit because they were sharing these delivery workers' and Plaintiff Victoriano's tips with non-tipped workers.

54. In violation of federal and state law as codified above, Defendants classified Plaintiff Victoriano and other delivery workers as tipped employees, and paid them at the tip-credited rate when they should classify them as non-tipped employee and paid them at the minimum wage rate.

55. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employee regarding the applicable wage and hour requirements of the FLSA and NYLL.

56. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Victoriano (and similarly situated individuals) worked, and to avoid paying Plaintiff Victoriano properly for his full hours worked.

57. Defendants failed to provide Plaintiff Victoriano and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day,

week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

58. Defendants failed to provide Plaintiff Victoriano and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language (Spanish), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

59. Plaintiff Victoriano brings his FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA and Rule 23 Class Period").

60. At all relevant times, Plaintiff Victoriano , and other members of the FLSA and Rule 23 class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage.

61. The claims of Plaintiff Victoriano stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

62. Plaintiff Victoriano sues on his own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

63. Plaintiff Victoriano brings his New York Labor Law minimum wage, wage deduction and liquidated damages claims on behalf of all persons who were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiff Victoriano, are referred to herein as the "Class."

64. The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

65. There are questions of law and fact common to the Class including:

a. What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b. What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c. What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d. Whether Defendants failed and/or refused to pay Plaintiff Victoriano the minimum wage within the meaning of the New York Labor Law;

e. Whether Defendants improperly deducted "shorts" from the Plaintiff Victoriano's wages;

f. At what common rate, or rates subject to common methods of calculation, were Defendants required to pay the class members for their work; and

g. What were the common conditions of employment and in the workplace, such as recordkeeping, clock- in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

66. The claims of the representative party are typical of the claims of the class. Plaintiff Victoriano and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning withholding of tips, sharing those tips with non-tipped workers, and failure to keep required records. The job duties of the named Plaintiff was and is typical of those of class members.

67. The representative party will fairly and adequately protect the interests of the Class and had no interests antagonistic to the class. The Named Plaintiff Victoriano is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

68. The common questions of law and fact predominate over questions affecting only individual members.

69. A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual Plaintiff Victoriano lacks the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class

members is small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

70. Defendants acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

71. Plaintiff Victoriano repeats and realleges all paragraphs above as though fully set forth herein.

72. At all times relevant to this action, Defendants were Plaintiff Victoriano's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Victoriano (and the FLSA and Rule 23 class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

73. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

74. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

75. In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiff Victoriano (and the FLSA and Rule 23 class members), at the applicable minimum hourly rate.

76. Defendants' failure to pay Plaintiff Victoriano (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

77. Plaintiff Victoriano (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

78. Plaintiff Victoriano repeats and realleges all paragraphs above as though fully set forth herein.

79. At all times relevant to this action, Defendants were Plaintiff Victoriano's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Victoriano (and the FLSA and Rule 23 class members), controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

80. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Victoriano (and the FLSA and Rule 23 class members) less than the minimum wage.

81. Defendants' failure to pay Plaintiff Victoriano (and the FLSA and Rule 23 class members) the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

82. Plaintiff Victoriano was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

83. Plaintiff Victoriano repeats and realleges all paragraphs above as though fully set forth herein.

84. Defendants failed to provide Plaintiff Victoriano (and the Rule 23 class members) with a written notice, in English and in Spanish (Plaintiff Victoriano's primary

language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

85. Defendants are liable to Plaintiff Victoriano (and the Rule 23 class members) in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

86. Plaintiff Victoriano repeats and realleges all paragraphs above as though set forth fully herein.

87. With each payment of wages, Defendants failed to provide Plaintiff Victoriano (and the Rule 23 class members) with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay and the number of regular hours worked, as required by NYLL 195(3).

88. Defendants are liable to Plaintiff Victoriano (and the Rule 23 class members) in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE TIP WITHHOLDING PROVISIONS

**OF THE NEW YORK LABOR LAW**

89. Plaintiff Victoriano repeats and realleges all paragraphs above as though set forth fully herein.

90. Defendants unlawfully and without permission from Plaintiff Victoriano (and the Rule 23 class members) misappropriated and withheld gratuities paid by customers which should had been retained by Plaintiff Victoriano.

91. Defendants' actions violated NYLL §196-d.

92. Defendants are liable to Plaintiff Victoriano (and the Rule 23 class members) in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**

**RECOVERY OF EQUIPMENT COSTS**

93. Plaintiff Victoriano repeats and realleges all paragraphs above as though set forth fully herein.

94. Defendants required Plaintiff Victoriano (and the FLSA and Rule 23 class members) to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as bicycles and helmets, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

95. Plaintiff Victoriano (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Victoriano respectfully request that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Victoriano and the FLSA and Rule 23 class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Victoriano's and the FLSA and Rule 23 class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Victoriano and the FLSA and Rule 23 class members;

(e) Awarding Plaintiff Victoriano and the FLSA and Rule 23 class members damages for the amount of unpaid minimum wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Victoriano and the FLSA and Rule 23 class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Victoriano (and the FLSA and Rule 23 class members);

(h) Declaring that Defendants violated the notice and recordkeeping requirements

of the NYLL with respect to Plaintiff Victoriano's (and the FLSA and Rule 23 class members) compensation, hours, wages and any deductions or credits taken against wages;

(i) Declaring that Defendants violated the tip withholding provisions of the New York Labor Law;

(j) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Victoriano (and the FLSA and Rule 23 class members);

(k) Awarding Plaintiff Victoriano and the FLSA and Rule 23 class members damages for the amount of unpaid minimum wages, and for any improper deductions or credits taken against wages, under the NYLL, as applicable;

(l) Awarding Plaintiff Victoriano and the FLSA and Rule 23 class members damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m) Awarding Plaintiff Victoriano and the FLSA and Rule 23 class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wages shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n) Awarding Plaintiff Victoriano and the FLSA and Rule 23 class members pre-judgment and post-judgment interest as applicable;

(o) Awarding Plaintiff Victoriano and the FLSA and Rule 23 class members the expenses incurred in this action, including costs and attorneys' fees;

(p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)   All such other and further relief as the Court deems just and proper

**JURY DEMAND**

Plaintiff Victoriano demands a trial by jury on all issues triable by a jury

Dated: New York, New York
March 6, 2025

MICHAEL FAILLACE ESQ.

By:   /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone:   (212) 317-1200
Facsimile:    (212) 317-1620
*Attorneys for Plaintiff Victoriano*

- 20 -