**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

Javier Marcelo Victoriano, *individually and on behalf of*
*others similarly situated,*

                        *Plaintiff*,

            *-against-*

Jin Ramen Corporation (d/b/a Jin Ramen), Jin Ramen
Hamilton Heights Corporation (d/b/a Jin Ramen),
Chokolat Patisserie Corporation (d/b/a Culture Tea Bar),
Ifan Chang, Jenny H. Ko, and Deepak Rajwani,

                        *Defendants*.

-------------------------------------------------------------------X

Index No.: 1:25-cv-01876

**ANSWER WITH**
**AFFIRMATIVE DEFENSES**

      Defendants Jin Ramen Corporation, Jin Ramen Hamilton Heights Corporation, Chokolat

Patisserie Corporation, Ifan Chang, and Jenny H. Ko (collectively, the "Defendants"), by and

through their undersigned attorneys, Levin-Epstein & Associates, P.C., as and for their answer and

affirmative defenses to the Complaint, filed on March 6, 2025 (the "Complaint") of Plaintiff Javier

Marcelo Victoriano (the "Plaintiff"), hereby admit, deny and allege as follows:

## **NATURE OF THE ACTION**

      1.     The allegations contained in paragraph "1" of the Complaint set forth legal

conclusions for which no response is required.

      2.     The allegations contained in paragraph "2" of the Complaint set forth legal

conclusions for which no response is required.

      3.     The allegations contained in paragraph "3" of the Complaint set forth legal

conclusions for which no response is required.

      4.     The allegations contained in paragraph "4" of the Complaint set forth legal

conclusions for which no response is required.

5.     The allegations contained in paragraph "5" of the Complaint set forth legal conclusions for which no response is required.

6.     The allegations contained in paragraph "6" of the Complaint set forth legal conclusions for which no response is required.

7.     The allegations contained in paragraph "7" of the Complaint set forth legal conclusions for which no response is required.

8.     The allegations contained in paragraph "8" of the Complaint set forth legal conclusions for which no response is required.

9.     The allegations contained in paragraph "9" of the Complaint set forth legal conclusions for which no response is required.

10.    The allegations contained in paragraph "10" of the Complaint set forth legal conclusions for which no response is required.

11.    The allegations contained in paragraph "11" of the Complaint set forth legal conclusions for which no response is required.

## JURISDICTION AND VENUE

12.    The allegations contained in paragraph "12" of the Complaint set forth legal conclusions for which no response is required.

13.    The allegations contained in paragraph "13" of the Complaint set forth legal conclusions for which no response is required.

## THE PARTIES

*Plaintiff*

14.    Defendants lack sufficient information with respect to the allegations contained in paragraph "14" of the Complaint.

15. The allegations contained in paragraph "15" of the Complaint set forth legal conclusions for which no response is required.

*Defendants*

16. The allegations contained in paragraph "16" of the Complaint set forth legal conclusions for which no response is required.

17. The allegations contained in paragraph "17" of the Complaint set forth legal conclusions for which no response is required.

18. The allegations contained in paragraph "18" of the Complaint set forth legal conclusions for which no response is required.

19. The allegations contained in paragraph "19" of the Complaint set forth legal conclusions for which no response is required.

20. The allegations contained in paragraph "20" of the Complaint set forth legal conclusions for which no response is required.

21. The allegations contained in paragraph "21" of the Complaint set forth legal conclusions for which no response is required.

22. The allegations contained in paragraph "22" of the Complaint set forth legal conclusions for which no response is required.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

23. The allegations contained in paragraph "23" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "23" of the Complaint.

24.    The allegations contained in paragraph "24" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "24" of the Complaint.

25.    The allegations contained in paragraph "25" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "25" of the Complaint.

26.    The allegations contained in paragraph "26" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "26" of the Complaint.

27.    Defendants deny the allegations contained in paragraph "27" of the Complaint.

28.    Defendants deny the allegations contained in paragraph "28" of the Complaint.

29.    Defendants deny the allegations contained in paragraph "29" of the Complaint.

30.    Defendants deny the allegations contained in paragraph "30" of the Complaint.

*Individual Plaintiff*

31.    Defendants deny the allegations contained in paragraph "31" of the Complaint.

*Plaintiff Javier Marcelo Victoriano*

32.    Defendants deny the allegations contained in paragraph "32" of the Complaint.

33.    Defendants deny the allegations contained in paragraph "33" of the Complaint.

34.    Defendants deny the allegations contained in paragraph "34" of the Complaint.

35.    Defendants deny the allegations contained in paragraph "35" of the Complaint.

36.    Defendants deny the allegations contained in paragraph "36" of the Complaint.

37.    Defendants deny the allegations contained in paragraph "37" of the Complaint.

38.    Defendants deny the allegations contained in paragraph "38" of the Complaint.

39.     Defendants deny the allegations contained in paragraph "39" of the Complaint.

40.     Defendants deny the allegations contained in paragraph "40" of the Complaint.

41.     Defendants deny the allegations contained in paragraph "41" of the Complaint.

42.     Defendants deny the allegations contained in paragraph "42" of the Complaint.

43.     Defendants deny the allegations contained in paragraph "43" of the Complaint.

44.      Defendants deny the allegations contained in paragraph "44" of the Complaint.

*Defendants' General Employment Practices*

45.     Defendants deny the allegations contained in paragraph "45" of the Complaint.

46.     Defendants deny the allegations contained in paragraph "46" of the Complaint.

47.     Defendants deny the allegations contained in paragraph "47" of the Complaint.

48.     Defendants deny the allegations contained in paragraph "48" of the Complaint.

49.     Defendants deny the allegations contained in paragraph "49" of the Complaint.

50.     Defendants deny the allegations contained in paragraph "50" of the Complaint.

51.     Defendants deny the allegations contained in paragraph "51" of the Complaint.

52.     Defendants deny the allegations contained in paragraph "52" of the Complaint.

53.     Defendants deny the allegations contained in paragraph "53" of the Complaint.

54.     Defendants deny the allegations contained in paragraph "54" of the Complaint.

55.     Defendants deny the allegations contained in paragraph "55" of the Complaint.

56.     Defendants deny the allegations contained in paragraph "56" of the Complaint.

57.     Defendants deny the allegations contained in paragraph "57" of the Complaint.

58.     Defendants deny the allegations contained in paragraph "58" of the Complaint.

**FLSA COLLECTIVE ACTION CLAIMS**

59. The allegations contained in paragraph "59" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "59" of the Complaint.

60. The allegations contained in paragraph "60" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "60" of the Complaint.

61. The allegations contained in paragraph "61" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "61" of the Complaint.

**FEDERAL RULE 23 CLASS ACTION ALLEGATIONS**

62. The allegations contained in paragraph "62" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "62" of the Complaint.

63. The allegations contained in paragraph "63" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "63" of the Complaint.

64. The allegations contained in paragraph "64" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "64" of the Complaint.

65. The allegations contained in paragraph "65" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "65" of the Complaint.

66.    The allegations contained in paragraph "66" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "66" of the Complaint.

67.    The allegations contained in paragraph "67" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "67" of the Complaint.

68.    The allegations contained in paragraph "68" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "68" of the Complaint.

69.    The allegations contained in paragraph "69" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "69" of the Complaint.

70.    The allegations contained in paragraph "70" of the Complaint set forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph "70" of the Complaint.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

71.    No response is required to the statement set forth in paragraph "71" of the Complaint.

72.    The allegations contained in paragraph "72" of the Complaint set forth legal conclusions for which no response is required.

73.    The allegations contained in paragraph "73" of the Complaint set forth legal conclusions for which no response is required.

74.     The allegations contained in paragraph "74" of the Complaint set forth legal conclusions for which no response is required.

75.     The allegations contained in paragraph "75" of the Complaint set forth legal conclusions for which no response is required.

76.     The allegations contained in paragraph "76" of the Complaint set forth legal conclusions for which no response is required.

77.     The allegations contained in paragraph "77" of the Complaint set forth legal conclusions for which no response is required.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

78.     No response is required to the statement set forth in paragraph "78" of the Complaint.

79.     The allegations contained in paragraph "79" of the Complaint set forth legal conclusions for which no response is required.

80.     The allegations contained in paragraph "80" of the Complaint set forth legal conclusions for which no response is required.

81.     The allegations contained in paragraph "81" of the Complaint set forth legal conclusions for which no response is required.

82.     The allegations contained in paragraph "82" of the Complaint set forth legal conclusions for which no response is required.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

83.     No response is required to the statement set forth in paragraph "83" of the Complaint.

84.     The allegations contained in paragraph "84" of the Complaint set forth legal conclusions for which no response is required.

85.     The allegations contained in paragraph "85" of the Complaint set forth legal conclusions for which no response is required.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

86.     No response is required to the statement set forth in paragraph "86" of the Complaint.

87.     The allegations contained in paragraph "87" of the Complaint set forth legal conclusions for which no response is required.

88.     The allegations contained in paragraph "88" of the Complaint set forth legal conclusions for which no response is required.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE TIP WITHHOLDING PROVISIONS

### OF THE NEW YORK LABOR LAW

89.     No response is required to the statement set forth in paragraph "89" of the Complaint.

90. The allegations contained in paragraph "90" of the Complaint set forth legal conclusions for which no response is required.

91. The allegations contained in paragraph "91" of the Complaint set forth legal conclusions for which no response is required.

## SIXTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

92. No response is required to the statement set forth in paragraph "92" of the Complaint.

93. The allegations contained in paragraph "93" of the Complaint set forth legal conclusions for which no response is required.

94. The allegations contained in paragraph "94" of the Complaint set forth legal conclusions for which no response is required.

95. The allegations contained in paragraph "95" of the Complaint set forth legal conclusions for which no response is required.

## PRAYER FOR RELIEF

96. Defendants deny that Plaintiff is entitled to any relief sought in the "WHEREFORE" clause.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

97. Plaintiff fails to state a claim, in whole or in part, upon which relief may be granted, either on their own behalf or on behalf of those persons who he purports to represent, or to whom they purportedly are similarly situated.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

98.    Assuming arguendo, Defendants violated any provision of the FLSA and/or New York Labor Law, such violation was not pursuant to a uniform policy or plan.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

99.    To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), and any limitations period established by New York state law, such claims of Plaintiff are barred. This affirmative defense also may apply to the claims of some or all of the class of allegedly similarly situated persons, as alleged in the Complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

100.    Defendants did not engage in willful or unlawful conduct.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

101.    As to any liquidated damage or other claim of the Plaintiff, Defendants assert they acted in subjective good faith and had objectively reasonable grounds for the belief that the Defendants' policies and employee payments or omissions, including but not limited to the payment of wages complied with the law and were not a violation of the Fair Labor Standards Act.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

102.    Defendants are relieved of any liability for Plaintiff's wage claim to the extent that the claims are premised upon traveling to and from the actual place of performance, activities which are preliminary and/or post-liminary to the alleged principal activity of employment because such activities were not compensable by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. 254.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

103.    Plaintiff's claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, offsets or credits permissible under the FLSA or NYLL, including but not limited to those provide for in 29 U.S.C. 207, 213 and its state law equivalents.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

104.    This action cannot be certified and supplemental or other jurisdiction should not be exercised over Plaintiff's New York Labor Law claims.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

105.    Plaintiff is an exempt professional employee under 29 U.S.C. § 213(a)(1).

## DEFENDANTS' GENERAL DEFENSES

## FIRST GENERAL DEFENSE

106.    Plaintiff was paid in accordance with all applicable law.

## RESERVATION OF RIGHTS

107.    Defendants reserve the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information and investigation into the Plaintiff's claims.

## RESERVATION OF RIGHTS

108.    Defendants reserve the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information and investigation into the Plaintiff's claims.

109.    Defendants reserve the right to assert claims against Plaintiff arising out of Plaintiff's acts of theft.

**WHEREFORE**, Defendants demands judgment in their favor:

(a)    denying Plaintiff is entitled to the relief for which he prays on behalf of himself or any other individual or to any other relief.

(b)    dismissing the Complaint against Defendants on the merits with prejudice and in its entirety;

(c)    awarding Defendants their costs and disbursement, including reasonable attorneys' fees incurred in the action; and

(d)    granting Defendants such other and further relief as the Court may deem just and proper.

Dated: May 22, 2025
        New York, New York

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By:    /s/ *Jason Mizrahi*
        Jason Mizrahi, Esq.
        420 Lexington Avenue, Suite 2458
        New York, NY 10170
        Tel. No.: (212) 792-0048
        Email: Jason@levinepstein.com
        *Attorneys for Defendants*